UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 19, 2021

SEAN F. McAVOY, CLERK

| | |
|---|---|
| NOELANI L., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 2:19-CV-0401-JTR <br><br> ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 14, 15. Attorney Dana C. Madsen represents Noelani L. (Plaintiff); Special Assistant United States Attorney Jeffrey E. Staples represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## JURISDICTION

Plaintiff filed an application for Supplemental Security Income alleging disability since September 25, 2016, due to HIV positive diagnosis (02/06/2015), depression, anxiety, basal skin cancer (2010), and lumps in her breast. Tr. 170,

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

204. At the time of the administrative hearing, Plaintiff amended the alleged onset date to the disability application date: November 16, 2016. Tr. 30. The application was denied initially and upon reconsideration. Administrative Law Judge (ALJ) R.J. Payne held a hearing on September 26, 2018, Tr. 28-69, and issued an unfavorable decision on November 20, 2018, Tr. 13-23. The Appeals Council denied Plaintiff's request for review on September 25, 2019. Tr. 1-5. The ALJ's November 2018 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on November 20, 2019. ECF No. 1.

**STATEMENT OF FACTS**

Plaintiff was born on April 30, 1969, Tr. 39, 170, and was 47 years old on the amended alleged disability onset date, November 16, 2016, Tr. 22, 30. She earned a two-year degree in cosmetology at Spokane Community College. Tr. 40-41, 205. Plaintiff's disability report indicates she stopped working on September 25, 2016, due to "a conflict of interest with management and because of [her] medical conditions." Tr. 204.

Plaintiff testified at the administrative hearing on September 26, 2018, that she has not worked because after she was diagnosed HIV positive in February 2015, she was depressed and her medications caused diarrhea. Tr. 43-44, 55. She stated her depression was being treated with Prozac. Tr. 55. She described experiencing diarrhea three to four days per week, three to seven times per day, with each occurrence lasting at least 15 minutes. Tr. 44. She also testified she has left knee pain from an injury caused by her dog, Tr. 46, a problem with her left shoulder, Tr. 47, injuries to her face from an assault, Tr. 53, MRSA, Tr. 54, and anxiety, Tr. 55-56.

When asked about daily activities, Plaintiff stated she took her dog outside to use the bathroom but would otherwise spend her day lying down and resting.

1  Tr. 48-50.  Her adult son helped her with laundry two to three times per week and
2  her shopping.  Tr. 50-52.  Plaintiff indicated she can stand for about an hour before
3  feeling dizzy and could lift only about a gallon of milk.  Tr. 52-53.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes.  *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error.  *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id*. at 1098.  Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ.  *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).  If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).  Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.  *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987).  In steps one through four, the burden of

proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-1194 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On November 20, 2018, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since November 16, 2016, the alleged disability onset date. Tr. 15.

At step two, the ALJ determined Plaintiff had the following severe impairments: human immunodeficiency virus (HIV), depression, and anxiety. Tr. 15.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 16.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found Plaintiff could perform light exertion level work with the following limitations: she can sit for six hours and stand and walk four-six hours in an eight-hour workday with normal breaks; she can frequently stoop, kneel, and balance; she can occasionally crouch and crawl, as well as occasionally climb ramps, stairs, ladders, and scaffolds; she should avoid concentrated exposure to extreme heat and cold, unprotected heights, and hazardous machinery; as a precautionary matter, she

needs ready access to a restroom at the worksite; mentally, she is capable of understanding and remembering simple, routine tasks on a consistent basis; her concentration, persistence, and pace may episodically wane due to psychological symptoms, but she retains the capacity to perform simple, routine tasks on a consistent basis within an eight-hour workday/40-hour workweek on independent tasks; she retains the capacity to perform independent work tasks with only superficial contact with the public and coworkers; she is able to take direction from supervisors; and she will succeed in a more routine work setting with gradually introduced limited changes. Tr. 18.

At step four, the ALJ found Plaintiff was not able to perform her past relevant work. Tr. 21-22.

At step five, the ALJ determined that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of making a successful adjustment to other work that exists in significant numbers in the national economy, including the jobs of collator operator, small parts assembler, and mail clerk. Tr. 22-23.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from November 16, 2016, the date the application was filed, through the date of the ALJ's decision, November 20, 2018. Tr. 23.

**ISSUES**

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff raises the following issues for review: (1) Did the ALJ improperly discredit Plaintiff's symptom claims; (2) Did the ALJ fail to properly consider and weigh the opinion evidence; (3) Are the errors harmless; and (4) What is the proper remedy? ECF No. 14 at 13.

# DISCUSSION

## A. Plaintiff's Symptom Testimony

Plaintiff contends the ALJ improperly discredited her symptom claims. ECF No. 14 at 13.

It is the province of the ALJ to make credibility determinations. *Andrews*, 53 F.3d at 1039. However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, her statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical and other evidence in the record. Tr. 19.

Plaintiff's opening brief, under the topic heading "The ALJ improperly discredited [Plaintiff's] symptom claims," does not specifically challenge any reasons provided by the ALJ for discounting Plaintiff's subjective complaints. *See* ECF No. 14 at 13-15. The Court ordinarily will not consider matters on appeal that are not specifically challenged in an opening brief, *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008), and will not "manufacture arguments for an appellant," *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994). Because the Court generally will not consider claims that are not specifically and distinctly argued in an opening brief, it would be acceptable for the Court to deem waived any contention by Plaintiff that the ALJ erred by discrediting Plaintiff's testimony.

However, within Plaintiff's opening brief section entitled "The ALJ failed to properly consider and weigh the opinion evidence," Plaintiff appears to assert the ALJ erred by discounting Plaintiff's testimony "because she was able to prepare her own meals on a daily basis and was able to perform household chores, did laundry and cleaning, was able to handle her finances, did a workout video and went to the lake or river with her dog." ECF No. 14 at 17. Furthermore, Plaintiff's reply brief argues her statements about her daily activities should not have been a basis for discounting her subjective complaints. ECF No. 16 at 3-5.

Defendant responded that the ALJ properly determined Plaintiff's testimony regarding her daily activities was inconsistent with other evidence of record describing her activities. ECF No. 15 at 2-3.

It is well-established that the nature of daily activities may be considered when evaluating credibility. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). The ALJ determined Plaintiff's level of daily activity did not support the level of limitation alleged (Plaintiff testified she spent her entire day lying down other than taking her dog outside to use the bathroom, Tr. 48-50). Tr. 19. The ALJ noted the record reflected Plaintiff was fully independent with activities of self-care, Tr. 225; Plaintiff had pets and was able to care for them, Tr. 225; Plaintiff prepared her own meals without assistance, did chores such as laundry and cleaning, shopped in stores for food, and handled her finances independently, Tr. 226-227; Plaintiff reported a regular exercise regimen and danced to a workout video, Tr. 401; and Plaintiff reported she went to the lake or river with her dog, Tr. 368. Tr. 19. Although one does not need to be "utterly incapacitated" to be disabled, *see Fair*, 885 F.2d at 603, it was proper for the ALJ to note Plaintiff's activities of daily living as contrary to her hearing testimony.

The ALJ also found Plaintiff's report of symptoms inconsistent with the record as Plaintiff's HIV was noted as well controlled with medication. Tr. 19, 351 (Plaintiff described her condition as being controlled with medication during

her examination with Dr. Islam-Zwart). The effectiveness of medication in alleviating pain and other symptoms is a relevant factor to consider in evaluating the severity of a claimant's symptoms, 20 C.F.R. § 416.929(c)(3)(iv), and an ALJ may rely on the effectiveness of treatment to find a plaintiff's testimony unpersuasive, *see Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999) (an ALJ may properly rely on a report that a plaintiff's mental symptoms improved with the use of medication); *Odle v. Heckler*, 707 F.2d 439, 440 (9th Cir. 1983) (noting impairments that are controlled by medication cannot be considered disabling). As noted by the ALJ, the record demonstrated Plaintiff's HIV was asymptomatic, Tr. 19-20, 32 (medical expert reported Plaintiff's HIV as asymptomatic), and Plaintiff's CD4 count and viral load have remained within normal limits during the relevant time period, Tr. 276, 288, 300, 302, 308, 366, 404.

Plaintiff's opening brief fails to challenge or mention this reason provided by the ALJ for discounting Plaintiff's subjective complaints. *See Carmickle,* 533 F.3d at 1161 (the Court will not ordinarily consider matters on appeal that were not specifically and distinctly argued in a party's opening brief). Because the Court will not consider claims that are not specifically and distinctly argued in an opening brief, any contention that the ALJ erred by discrediting Plaintiff's subjective complaints based on the effectiveness of her medication is deemed waived.

Plaintiff argues the ALJ erred by failing to consider the effect her frequent diarrhea would have on her ability to work. ECF No. 14 at 13-14. Plaintiff's reply brief indicates her primary reason for being unable to work is due to the frequency of diarrhea, ECF No. 16 at 5, and asserts diarrhea is an adverse side effect of her medications. *Id.* at 6. Plaintiff's argument in this regard does not represent a challenge to the ALJ's assessment of Plaintiff's subjective complaints. It simply asks that Plaintiff's statements regarding her diarrhea be credited as true. The ALJ,

however, determined Plaintiff's symptom allegations were not entirely credible in this case and provided adequate rationale for so finding. *See supra*. In any event, the Court notes the ALJ considered Plaintiff's frequency of diarrhea in this case and accommodated the issue by finding she would need ready access to a restroom at the worksite. Tr. 18.

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. The Court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ even if it might justifiably have reached a different result upon *de novo* review. 42 U.S.C. § 405(g). After reviewing the record, the Court finds the ALJ provided clear and convincing reasons, supported by substantial evidence, for discounting Plaintiff's symptom allegations in this case.

B.  **Medical Opinion Evidence**

Plaintiff contends the ALJ also erred by relying on the opinions of medical consultants and the medical expert, Judy Panek, M.D., and not affording proper weight to an examining medical source. ECF No. 14 at 15-17. Plaintiff specifically asserts the opinion of Kayleen Islam-Zwart, Ph.D., should have been given controlling weight in this case. ECF No. 14 at 16.

In a disability proceeding, the courts distinguish among the opinions of three types of acceptable medical sources: treating physicians, physicians who examine but do not treat the claimant (examining physicians) and those who neither examine nor treat the claimant (nonexamining physicians). *Lester*, 81 F.3d at 830. A treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a nonexamining physician. *Benecke*, 379 F.3d at 592; *Lester*, 81 F.3d at 830. In

weighing the medical opinion evidence of record, the ALJ must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record. *Magallanes*, 881 F.2d at 751.

Plaintiff argues Dr. Islam-Zwart's June 1, 2017 examining opinion supports a finding that she was more limited from a mental health standpoint than as determined by the ALJ. ECF No. 14 at 14-15. Defendant responds that Dr. Islam-Zwart's opinion was properly rejected because it was inconsistent with the record. ECF No. 15 at 5.

While Plaintiff contends Dr. Islam-Zwart's diagnosis and opinion of Plaintiff's mental limitations is corroborated by the severe depression and anxiety noted in most of the treatment records of Providence Family Medicine, ECF No. 14 at 15, Plaintiff has failed to identify any specific error in the ALJ's analysis of the evidence. *See Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993) (finding the mere existence of an impairment is insufficient proof of a disability); *Edlund v. Massanari*, 253 F.3d 1152, 1159-1160 (9th Cir. 2001) (a claimant must prove an impairment affects his ability to perform basic work activities).

Dr. Islam-Zwart examined Plaintiff and checked boxes indicating Plaintiff had "marked" limitations in her abilities to understand, remember, and persist in tasks by following detailed instructions; perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision; adapt to changes in a routine work setting; and communicate and perform effectively in a work setting. Tr. 347. However, Dr. Islam-Zwart did not provide specific justification for these findings in her narrative report. *See Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996) (stating that the ALJ's rejection of a check-off report that did not contain an explanation of the bases for the conclusions made was permissible). Moreover, as stated by the ALJ, the evidence of record did not demonstrate Plaintiff had significant difficulty responding to demands, distinguishing acceptable for unacceptable work performance, setting

realistic goals, making plans, being aware of hazards, or maintaining appropriate hygiene and attire; and Plaintiff reported no difficulty following spoken instructions, getting along with authority figures, or tolerating changes in routine, Tr. 229-230. Tr. 20-21. The ALJ nonetheless found Plaintiff had moderate limitations in her mental health functioning, Tr. 21, and accounted for the moderate limitations by restricting her to the performance of simple, routine tasks, noting she should be limited to superficial contact with the public and coworkers and only gradually introduced limited changes, Tr. 18.

With respect to Plaintiff's mental health, the ALJ assigned weight to the opinions of medical expert Panek, state agency medical consultants Kester and Donahue, and examiner Sakamoto-Chun. Tr. 20-21. Dr. Panek opined that Plaintiff's only medically determinable impairment was asymptomatic HIV, Tr. 32, but she did not evaluate Plaintiff's psychological issues, Tr. 39. On July 30, 2017, Eugene Kester, M.D., evaluated the record and concluded Plaintiff's mental capacity was no more than moderately impaired. Tr. 78-80. On October 14, 2017, Dan Donahue, Ph.D., reviewed the record and also found Plaintiff's mental functioning no more than moderately impaired. Tr. 94-96. Drs. Kester and Donahue specifically determined Dr. Islam-Zwart's opinion relied heavily on Plaintiff's subjective report of symptoms, the totality of the evidence did not support the opinion, it was without substantial support from the medical source who made it, and it was an overestimate of the severity of Plaintiff's restrictions/limitations. Tr. 81, 96. On May 8, 2017, Megan Sakamoto-Chun, D.O., examined Plaintiff and found Plaintiff's depression mildly affected her ability to communicate, but she was capable of performing light exertion level work. Tr. 355-356.

Based on the foregoing, the Court finds Plaintiff failed to advance a specific, valid error with respect to the ALJ's evaluation of Dr. Islam-Zwart's opinion, and, in any event, the ALJ's determination regarding Plaintiff's mental functioning is

supported by substantial evidence. The ALJ did not err by failing to find greater mental health limitations than assessed in the RFC determination.

## CONCLUSION

As determined above, the ALJ did not err by discounting Plaintiff's symptom allegations, and Plaintiff has not demonstrated any error with respect to the ALJ's evaluation of the medical evidence of record. As such, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error.

Having reviewed the record and the ALJ's conclusions, the Court finds the ALJ's decision should be affirmed. Therefore, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 15**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

**IT IS SO ORDERED**. The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

DATED January 19, 2021.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE